12 So.2d 351

## PEYTON v. STATE.

7 Div. 708.

Court of Appeals of Alabama.

March 2, 1943.

Handy Ellis, of Columbiana, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years.

The jury were amply authorized to find from the evidence that Murray Hollis, alias Goose Hollis, came to his death as the proximate result of a blow struck on his head by appellant with a bottle.

In the words of able counsel representing appellant in the court below, and here:

"The evidence shows that both the deceased and the defendant were drinking on the night of the alleged offense and that they met up at what is known as Mason's Place, which is evidently a gambling joint, according to the tendencies of the evidence. The two boys had been good friends for many months and the defendant, Jesse Peyton, roomed at the home of the father of the deceased, Murray Hollis, where the latter was living at Childersburg. The evidence shows that they began drinking on that afternoon but went to the Mason place separately. Some of the evidence tends to show that the defendant struck the deceased on the back of the head with a bottle, but that the deceased was able to get up and go home afterwards, but that he ultimately died as a result of the blow. The evidence tends further to show that Peyton owed Hollis $8.00 and paid him that sum in Mason's Place. Apparently, there was no reason on earth for Peyton striking Hollis with a bottle, as one of the witnesses claims he did do, and the defendant's contention is that while they were both under the influence of liquor, Hollis, pulled out a long switch-blade knife and the defendant struck Hollis with his fist with no intention of killing him whatsoever.

"The defendant's testimony was that when he struck the said Hollis with his fist it stunned him and the knife dropped on the floor and he picked it up and turned it over to the officers who later arrested him."

There is nothing apparently worthy of extended discussion by us.

With a slight modification we agree with the views of appellant's counsel as expressed in the last paragraph of his brief filed here, to-wit: "However the blow might have been administered, it should not be lost sight of that both parties were drinking and probably not thoroughly responsible for their acts and certainly (we would change that to possibly, at most probably) there was no intention on the part of the defendant to kill the deceased. The penalty inflicted is severe and entirely (we would say, seems entirely) out of keeping with the punishment the case reasonably justifies."

But our duties are appellate, only. And there is no ruling or action by the learned trial court apparent but that is patently correct or innocuous. The issues were strictly for the jury.

The judgment must be affirmed.

It is so ordered.

Affirmed.